MSSB-LR-3015-1 (12/17)

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1  Andre        J.        DeBose | ☐ Check if this is an amended notice. |
| Debtor 2 _____ | |

United States Bankruptcy Court for the Southern District of Mississippi

Case number 22-51266-KMS

# Notice of Filing Chapter 13 Plan and Motions for Valuation and Lien Avoidance

The above-named Debtor(s) has filed a *Chapter 13 Plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above-referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at:

Dan M. Russell, Jr. U.S. Courthouse
2012 15th Street, Suite 244
Gulfport, MS 39501

on or before January 12, 2023. Copies of the objection must be served on the Trustee, US Trustee, Debtor(s), and Attorney for Debtor(s).

Objections to confirmation will be heard and confirmation determined on January 19, 2023 at 10:00 A.M. in the U.S. Courthouse, Bankruptcy Courtroom, 7th Floor, 2012 15th Street, Gulfport, MS, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

/s/Michael T. Ramsey
MICHAEL T. RAMSEY,
Attorney for Debtor(s)
429 Porter Avenue
Ocean Springs, Mississippi 39564
(T): 228-875-0572/ (F): 228-875-0895
MS Bar No. 104978
Mike@sheehanramsey.com

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE: ANDRE J. DEBOSE                  CHAPTER 13
                                                            CASE NO: 12-51266-KMS

**CERTIFICATE OF SERVICE**

I, Michael T. Ramsey, attorney for Debtor(s), do hereby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following parties to be served electronically via ECF:

United States Trustee: USTPRegion05.JA.ECF@usdoj.gov

Warren A. Cuntz, Jr., Chapter 13 Trustee: wacuntzcourt@cableone.net

I certify that I have this day served a true and copy of the attached Notice and Chapter 13 Plan by U. S. Mail[1], postage prepaid, to the following creditor(s) listed in Sections 3.2 and/or 3.4 of the Plan pursuant to Fed. R. Bankr. P. 7004:

> John E. Tucker
> 406 Liberty Park Court
> P O Box 320001
> Flowood, MS 39232

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by U. S. Mail, postage pre-paid, to all other parties listed on the attached master mailing list (matrix).

                                                           Respectfully Submitted,

                                                           /s/ Michael T. Ramsey
                                                           MICHAEL RAMSEY
                                                           Attorney for Debtor(s)
                                                           Sheehan Law Firm, PLLC
                                                           429 Porter Ave.
                                                           Ocean Springs, MS 39564
                                                           (228) 875-0572/ (228) 875-0895 fax
                                                           MS Bar No: 104978

---

[1] If the creditor is an insured depository institution, service has been made by certified mail to an officer of the institution.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0538-6<br>Case 22-51266-KMS<br>Southern District of Mississippi<br>Gulfport-6 Divisional Office<br>Tue Nov 15 08:59:45 CST 2022 | U.S. Bankruptcy Court<br>Dan M. Russell, Jr. U.S. Courthouse<br>2012 15th Street, Suite 244<br>Gulfport, MS 39501-2036 | AES<br>P.O. Box 61047<br>Harrisburg, PA 17106-1047 |
| (p)TRITON MANAGEMENT GROUP<br>P O BOX 241525<br>MONTGOMERY AL 36124-1525 | Check Now<br>1716 Denny Ave.<br>Pascagoula, MS 39567-3303 | Department of Treasury -<br>Internal Revenue Service<br>P O Box 7346<br>Philadelphia, PA 19101-7346 |
| Janice DeBose<br>4725 Weems St.<br>Moss Point, MS 39563-2602 | M & M Bank<br>P.O. Box 729<br>Pascagoula, MS 39568-0729 | Navy Federal Credit Union<br>P.O. Box 3000<br>Merrifield, VA 22119-3000 |
| Regions Bank<br>P.O. Box 110<br>Hattiesburg, MS 39403-0110 | SN Servicing Corp<br>13702 Coursey Blvd.<br>Bldg 1<br>Baton Rouge, LA 70817-1370 | (p)SN SERVICING CORPORATION<br>323 FIFTH ST<br>EUREKA CA 95501-0305 |
| SN Servicing Corp<br>FW Series I Trust<br>P.O. Box 660820<br>Dallas, TX 75266-0820 | SN Servicing Corp<br>P.O. Box 35<br>Eureka, CA 95502-0035 | (p)TOWER LOAN<br>P O BOX 320001<br>FLOWOOD MS 39232-0001 |
| US Atty, SD of MS<br>Rep: IRS<br>1575 20th Ave.<br>Gulfport, MS 39501-2040 | US Atty, SD of MS<br>Rep: US Dept Education<br>1575 20th Ave.<br>Gulfport, MS 39501-2040 | US Dept of Education<br>400 Maryland Ave., SW<br>Washington, DC 20202-0008 |
| USA Cash<br>2538 Denny Ave.<br>Pascagoula, MS 39567-2413 | United States Trustee<br>501 East Court Street<br>Suite 6-430<br>Jackson, MS 39201-5022 | Andre J. DeBose<br>4724 Weems St.<br>Moss Point, MS 39563-2646 |
| Michael Taylor Ramsey<br>Sheehan and Ramsey, PLLC<br>429 Porter Ave<br>Ocean Springs, MS 39564-3715 | Warren A. Cuntz T1 Jr.<br>P. O. Box 3749<br>Gulfport, MS 39505-3749 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Always Money<br>3412 Market St.<br>Pascagoula, MS 39567 | SN Servicing Corp<br>323 Fifth St.<br>Eureka, CA 95501 | Tower Loan<br>1608 Denny Ave.<br>Moss Point, MS 39563 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Navy Federal Credit Union        End of Label Matrix
P.O.BOX 3000                        Mailable recipients    22
MERRIFIELD, VA 22119-3000           Bypassed recipients     1
                                    Total                  23
```

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Andre J. DeBose** | |
| | Full Name (First, Middle, Last) | |
| Debtor 2 | | |
| (Spouse, if filing) | Full Name (First, Middle, Last) | |
| United States Bankruptcy Court for the | SOUTHERN DISTRICT OF MISSISSIPPI | ☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. |
| Case number: | | |
| (If known) | | |

## Chapter 13 Plan and Motions for Valuation and Lien Avoidance 12/17

### Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of __60__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay **$2,451.00** (☑) monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

Direct Pay or through TFS

Debtor    **Andre J. DeBose**        Case number _____

**2.3**    **Income tax returns/refunds.**

*Check all that apply*

[✓] Debtor(s) will retain any exempt income tax refunds received during the plan term.

[ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

[ ] Debtor(s) will treat income refunds as follows: _____

**2.4 Additional payments.**
*Check one.*

[✓] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3:**    **Treatment of Secured Claims**

**3.1**    Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).

*Check all that apply.*
[ ] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** [✓] **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

1    Mtg pmts to    **SN Servicing Corp**
Beginning **December, 2022**    @    **$1,393.00**    [✓] Plan    [ ] Direct.    Includes escrow [✓] Yes [ ] No

1    Mtg arrears to    **SN Servicing Corp**    Through    **November, 2022**    **$23,818.00**

**3.1(b)** [ ] **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property address: **-NONE-** _____
Mtg pmts to _____
Beginning month _____ @ _____ Plan    Direct.    Includes escrow Yes No

Property **-NONE-** Mtg arrears to _____ Through _____

**3.1(c)** [ ] **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor: **-NONE-**    Approx. amt. due: _____    Int. Rate*: _____

Property Address: _____
Principal Balance to be paid with interest at the rate above: _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $ _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ _____ **-NONE-** /month, beginning    month . _____
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

\* Unless otherwise ordered by the court, the interest rate shall be the curent Till rate in this District
*Insert additional claims as needed.*

**3.2**    Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*.

[✓] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

Mississippi Chapter 13 Plan        Page 2

Debtor     **Andre J. DeBose**     Case number

**3.3**    Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| M & M Bank | 2015 Toyota Tundra 149,000 miles | $6,000.00 | 7.00% |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4**    Motion to avoid lien pursuant to 11 U.S.C. § 522.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| Tower Loan | Household goods | $6,050.00 | $0.00 | Non-purchase money lien (no ucc) | Avoid Lien |

*Insert additional claims as needed.*

**3.5**    Surrender of collateral.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4: Treatment of Fees and Priority Claims

**4.1**    General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**    Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

Mississippi Chapter 13 Plan            Page 3

Debtor **Andre J. DeBose** Case number _____

### 4.3 Attorney's fees.

☑ No look fee: __3,600.00__

| | |
|---|---|
| Total attorney fee charged: | $3,600.00 |
| Attorney fee previously paid: | $687.00 |
| Attorney fee to be paid in plan per confirmation order: | $2,913.00 |

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*

☑ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

### 4.5 Domestic support obligations.

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $
☑ __20__ % of the total amount of these claims, an estimated payment of $____
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**See 8.1.2**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

### 5.2 Other separately classified nonpriority unsecured claims (special claimants). *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

### 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

### 7.1 Property of the estate will vest in the debtor(s) upon entry of discharge.

## Part 8: Nonstandard Plan Provisions

### 8.1 Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

Debtor   **Andre J. DeBose**                                    Case number

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.1.1**   If applicable, Secured and Priority tax claims shall be paid at the statutory interest rate instead of the Till rate.

**8.1.2**   The liquidation analysis shall be determined at a later date prior to confirmation.

**8.1.3**   The "beginning date" for conduit mortgage payments shall be determined by the Proof of Claim.

### Part 9:   Signatures:

**9.1**   Signatures of Debtor(s) and Debtor(s)' Attorney
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X   **/s/ Andre J. DeBose**                                     X _____
    **Andre J. DeBose**                                             Signature of Debtor 2
    Signature of Debtor 1

    Executed on   **November 1, 2022**                          Executed on _____

    **4724 Weems St.**                                          _____
    Address                                                     Address
    **Moss Point MS 39563-0000**                                _____
    City, State, and Zip Code                                   City, State, and Zip Code

    _____                                _____
    Telephone Number                                            Telephone Number


X   **/s/ Michael T. Ramsey**                                   Date   **November 1, 2022**
    **Michael T. Ramsey 104978**
    Signature of Attorney for Debtor(s)
    **429 Porter Ave**
    **Ocean Springs, MS 39564**
    Address, City, State, and Zip Code
    **228-875-0572**                                            **104978 MS**
    Telephone Number                                            MS Bar Number
    **Mike@sheehanramsey.com**
    Email Address